IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JAMES A. OCHOA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-05266-CV-RK |
| | ) | |
| | ) | |
| JOPLIN POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss (doc. 10). Plaintiff filed suggestions in opposition and supplemental suggestions to Defendants' Motion to Dismiss (docs. 11, 13, 14). For the following reasons, Defendants' Motion to Dismiss (doc. 10) is **GRANTED**, and the case is **DISMISSED without prejudice**.

### Standard of Review

A motion to dismiss brought under Rule 12(b)(6) asserts the pleadings are insufficient to state a claim for which relief can be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* 556 U.S. at 678 (citation omitted). While a pro se plaintiff's complaint is construed liberally, the court "will not supply additional facts, nor will we [the court] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1991)). The Court is not bound to accept legal conclusions as true when they are disguised as factual allegations. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Id.* at 678.

**Discussion**

Defendants seek to dismiss the case arguing Plaintiff has not stated a claim for which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6).[1]

Plaintiff's "Statement of Claim" section in his Complaint states "Jacob Wright (Arresting Police Officer) (Abuse of Power) and Joplin Police." (Doc. 4, ¶ II.) When asked to describe the reasons Plaintiff is seeking money damages, Plaintiff states "I was abused by officer Jacob Wright and I'm seeking $100,000 dollars." (*Id.* at ¶ V.) Plaintiff's supplemental suggestions in opposition state "My claim is my civil rights were violated, cruel and unusual punishment. I was denied medical attention, I was denied my medication, the facility was absolutely filthy, excessive force." (Doc. 13.)

As best as can be discerned, Plaintiff's causes of action are alleged civil rights violations, and the Court construes these as causes of action under 42 U.S.C. § 1983. "The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the [defendants] acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Here, Plaintiff's Complaint does not provide the dates of the alleged harms or any other factual allegations of the harms committed against him. Without more, the Complaint is not facially plausible in that the Court cannot reasonably infer that Defendants are responsible for the alleged misconduct. Even while construing the Complaint liberally, Plaintiff's allegations are insufficient to support the claims alleged against Defendants. While the Court also considered Plaintiff's supplemental suggestions in opposition, the supplemental suggestions were conclusory and insufficient to defeat a Rule 12(b)(6) motion to dismiss. Accordingly, the Court finds the pleadings are insufficient to survive a motion to dismiss brought under Rule 12(b)(6).

---

[1] Defendants also argue the case should be dismissed because Defendants are entitled to qualified immunity. The Court need not address whether Defendants are entitled to qualified immunity because Plaintiff's pleadings are insufficient to survive a motion to dismiss brought under Rule 12(b)(6).

## Conclusion

Therefore, the Defendants' Motion to Dismiss (doc. 10) is **GRANTED** and the case is **DISMISSED without prejudice**. The Clerk's Office is directed to mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 26, 2018